455 P.2d 964

STATE of Arizona, Appellee,

v.

Joe FIELDS, and Floyd Morris, Jr., Appellants.

No. 1961.

Supreme Court of Arizona.

In Banc.

June 13, 1969.

Michael M. Moore, Tucson, for Floyd Morris, Jr.

Ralph E. Seefeldt, Tucson, for Joe Fields.

Gary K. Nelson, Atty. Gen., by Stanley L. Patchell, Pima County Deputy Atty., for appellee.

UDALL, Chief Justice:

This is an appeal from armed robbery convictions rendered against defendants Joe Fields and Floyd Morris, Jr. For the reasons contained herein the judgments are affirmed.

At approximately 4:00 A.M. on October 7, 1967, an El Rancho grocery store in Tucson was robbed by two men. Defendants were apprehended and at the preliminary hearing and trial they were identified by the victim of the robbery, Victor Lopez, and three other employees of the store. Lopez was the only witness to the actual robbery. The three other employees testified that they had observed defendants in the store on the morning of the robbery.

Defendants have both attacked the validity of the in-court identification by Lopez claiming that it was "tainted" by an unduly suggestive pre-trial confrontation. Counsel cites as authority Wade v. United States, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

The taint on the in-court identification allegedly came from the identification of defendants by Lopez at the preliminary hearing. Defendants were not represented by counsel at the hearing and they first appeared to Lopez handcuffed and in the presence of a police officer. They were the only two Negroes in the courtroom. Further, cross-examination of Lopez at the trial developed the fact that Lopez possibly conferred with one of the three other employees concerning his identification of defendants.

Wade and Gilbert are inapplicable in this case as they relate only to post-information situations. State v. Dessureault, 453 P.2d 951 (1969). In the instant case no information had been filed and counsel had not yet been appointed. Our determination of the issue is controlled, as in Dessureault, by the Stovall case. The precise issue to be decided is whether, looking at the totality of the circumstances surrounding the in-court identification and pre-trial confrontation, the defendants were denied

due process of law by admission of Lopez's identification at the trial.

■ Lopez was afforded ample opportunity to observe the defendants at the time of the robbery. Neither defendant wore a mask or disguise or otherwise attempted to conceal his identity from the victim. At the preliminary hearing Lopez testified that shortly after the robbery he picked defendant's pictures out of several hundred photographs shown to him by a police detective. See Simmons v. U. S., 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. When confronted with defendants at the preliminary hearing it was quite natural that Lopez formed an opinion about them. There is no way the confrontation could have been avoided or made less suggestive. It is our opinion that defendants were not deprived of due process at their trial.

■ The only witness called on behalf of defendants was a police detective. Defense counsel questioned the detective as to whether he had investigated the robbery and upon receiving a positive answer counsel requested the court to declare the witness adverse so that he could be cross-examined. The court refused the request and defendants now charge that reversible error was committed. There is no merit to the argument. "A trial court has broad discretion to permit one to cross-examine his own witness upon an adequate showing that the witness was hostile to the party calling him." State v. Michael, 103 Ariz. 46, 436 P.2d 595 (1968). Defendants made no showing that the witness was adverse and hostile.

■ Defendants next requested the court to order the witness to produce the written report made of the investigation. This request came before the detective was questioned as to any substantive matters involved in the investigation and the court refused the request as having been made prematurely. The witness was questioned further concerning matters collateral to the investigation and the request for the report was renewed. The judge denied the request and then looked over the report himself. He stated to defense counsel that there was nothing in the report which would help their case. Defendants contend they had a right to see the report in order to impeach the witness's testimony. We must sustain the court's ruling that the request was premature since the detective had not testified to any substantive matters of the investigation. There was no basis for any direct impeachment.

■ Defendants further argue that they should have been allowed to use the report to impeach the testimony of the victim Lopez who testified that he made certain statements to the detective shortly after the robbery. That question is raised here for the first time and was not before the trial court. We therefore will not consider it. State v. Armstrong, 103 Ariz. 174, 438 P.2d 411 (1968).

■ Defendant Morris raises a separate contention in his brief concerning the allegation of a prior offense in the information. Morris did not take the stand and thus was not subject to cross-examination and impeachment. He argues, however, that had he taken the stand he would have been forced to incriminate himself by admitting his prior conviction when that point was raised during the prosecutor's cross-examination. The argument is purely academic since Morris did not take the stand. However, we considered the question he has raised in State v. Seymour, 101 Ariz. 498, 421 P.2d 517 (1966) where we said:

"We have held with reference to A.R.S. § 13–163, which states that a defendant in a criminal action shall not be compelled to be a witness against himself, that where the defendant voluntarily takes the stand, his rights are not violated by cross-examination with respect to previous convictions which have been alleged and are part of the State's case."

■ Defendant Morris also complains of the form of the verdict arrived at by the jury as to the prior offense. The jury found him to be "guilty" of the prior offense, whereas Rule 291, Arizona Rules of

Criminal Procedure, 17 A.R.S., states that they shall find " 'the charge of the previous conviction true,' or 'not true,' as they determine." The error is purely technical and harmless.

Affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, McFARLAND and HAYS, JJ., concur.