**Benton Benito GAITAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55725.**

Supreme Court of Missouri,
Division No. 2.

March 8, 1971.

ever, on this appeal only one contention is presented which is as follows: "The trial court's findings of fact are clearly erroneous in that the movant-appellant was denied effective assistance of counsel, his appointed counsel having failed to properly and adequately investigate the law and facts prior to trial and thereby allowing the jury to hear evidence about an identification during an unconstitutional suggestive lineup."

The robbery occurred on August 18, 1967, and the defendant was arrested on September 29, 1967. According to defendant, who did not testify at the trial but who testified at the hearing on the motion, he was placed in a lineup three times on the day of his arrest; once with two other persons, the second time with one other person, and the third time he was alone. Appellant testified that he was a Negro but was light-complexioned, and that at the time of the lineup he was 27 years of age and weighed 185 pounds, while the other person in the two-party lineup was "much darker," "a little shorter," weighed about 140 pounds, and he was "quite a bit older * * * thirty-eight to forty."

At the trial the two victims of the robbery made an unequivocal in-court identification of appellant, and also testified to facts which demonstrated that each had a sufficient source for that identification independent of the lineup. Then without objection each testified that he identified the appellant at a two-man lineup at the police station on September 29, 1967, the day appellant was arrested.

At the hearing on the motion it was stipulated that two police officers need not be called to testify in person for the reason that they could then remember only what was contained in the respective reports made by them, and that if present they would testify as to what was therein set out. The reports were admitted in evidence.

The report prepared by Detective Alfred Lomax related that after the arrest of ap-

Robert G. Duncan, Kansas City, for movant-appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

This is an appeal from denial, after an evidentiary hearing, of a motion pursuant to Criminal Rule 27.26, V.A.M.R., to vacate and set aside a judgment of conviction and sentence to imprisonment for life for the offense of robbery in the first degree with a dangerous and deadly weapon. Upon appeal that judgment was affirmed. State v. Gaitan, Mo., 442 S.W.2d 530.

In the motion appellant alleged several grounds for a post-conviction challenge of his conviction, and evidence pertaining to each was presented at the hearing. How-

pellant he was given what we now refer to as the "Miranda warnings." The report then related thàt the victim of another robbery had identified appellant at a three-man lineup held on September 29, 1967.

The report prepared by Detective Gene Buie related that at 1:15 o'clock of the afternoon of September 29, 1967, Leo D. Tomlinson and Carl Franklin "positively identified" appellant in a two-man lineup as the person who had robbed them on August 18, 1967. The report contains the names of the persons in the lineup and both are shown to have been 27 years of age. No other information concerning them is in the report.

Appellant's counsel testified that he discussed the lineup with appellant prior to trial, and he had been given copies of the police reports. He further testified that he was not aware of the details of the lineup until they were brought out in the trial. We have read the testimony at the trial concerning the lineup, and it can fairly be said that the testimony established the fact that no improper suggestions were made by the police, and that appellant and the other person, who was darker complexioned, were asked to speak their names. Appellant's counsel did not file a pre-trial motion to suppress testimony of identification, but he was aware of the rulings of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

The transcript of the trial shows that at the request of appellant's counsel the trial court gave the following instruction:

"You are further instructed that you are not to consider the evidence given by Leo Tomlinson and/or Carl Franklin [the two victims of the robbery] concerning the identification of the defendant in the line-up conducted by the Kansas City, Missouri, Police Department, and that you are to consider none of the

evidence regarding the identification made by these witnesses of this defendant at said line-up."

The transcript does not show the basis for the request of this instruction, that is, whether it was because counsel was not present, because only two persons were in the lineup, because there was too much a variance in the appearance of those in the lineup, or a combination of some or all of these.

■ After the hearing on the motion the trial court ruled that appellant had received effective assistance of counsel. That finding and conclusion is to be affirmed unless it is demonstrated to be clearly erroneous. State v. Mountjoy, Mo., 420 S.W.2d 316.

■ The lineup at which appellant was identified by Mr. Tomlinson and Mr. Franklin was held immediately after arrest and before indictment or the filing of an information. In these circumstances, the rule in the Gilbert case is not applicable. State v. Walters, Mo., 457 S.W.2d 817; People v. Palmer, 41 Ill.2d 571, 244 N.E.2d 173; State v. Thomas, 107 N.J.Super. 128, 257 A.2d 377; State v. Fields, 104 Ariz. 486, 455 P.2d 964.

Counsel cannot be criticized for failing to move to suppress the identification on this basis.

■ We do not think the record shows the lineup was unduly suggestive. Persons in a lineup cannot be identical, and to say that one was "darker" or taller than another does not establish unfairness. A two-man lineup is not for that reason alone constitutionally defective. The record does not demonstrate that if counsel had learned before trial what is shown by the evidence at the hearing on the motion, it could be ruled that counsel was ineffective in the constitutional sense in failing to move to suppress testimony of identification at the lineup.

**36**

We have here a considered judgment of trial counsel. He knew of the applicable cases pertaining to lineups. He had discussed the lineup with his client before trial. Ineffective assistance of counsel in the constitutional sense cannot be demonstrated by a hindsight determination by other counsel that a motion should have been filed; and certainly not in a case such as this when it is not clearly demonstrated that such a motion would have accomplished anything.

The "Constitution of the United States does not protect criminal defendants from mere mistakes of counsel, even though they be serious ones." Frazier v. Roberts, D.C., 310 F.Supp. 504. As stated in United States v. Meyer, 8 Cir., 417 F.2d 1020, at 1023, "mere errors of judgment or a mistaken choice of strategy by an attorney is not sufficient to support a finding of lack of effective assistance of counsel in the constitutional sense." In order to come under the constitutional guarantee of effective counsel, the representation must be so lacking that the trial became a farce and a mockery of justice. Cardarella v. United States, 8 Cir., 375 F.2d 222, certiorari denied 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176. See also, State v. Wilkinson, Mo., 423 S.W.2d 693. The circumstances of this case fall far short of that test, and therefore the finding and conclusion of the trial court is not clearly erroneous.

Furthermore, in view of total circumstances, the instruction withdrawing from the consideration of the jury the testimony concerning the lineup identification, and the positive in-court identification with persuasive independent source therefor, we would be constrained to rule that the matters of which appellant now complains were harmless beyond a reasonable doubt. Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.