511 P.2d 638

**STATE of Arizona, Appellee,**

v.

**Edward DOWNING, Appellant.**

**No. 2266.**

Supreme Court of the State of Arizona, In Division.

July 2, 1973.

Gary K. Nelson, Atty. Gen., William P. Dixon, Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

O. J. Wilkinson, Jr., Phoenix, for appellant.

LOCKWOOD, Justice:

The defendant Edward Downing was charged with violating A.R.S. § 13–492

(kidnapping with intent to commit rape) and A.R.S. § 13–611 (Supp.1962) (rape). He was convicted on both charges and sentenced to a term of not less than twenty nor more than twenty-five years on the kidnapping with intent to commit rape charge and a term of not less than twenty-five nor more than thirty years for the rape charge. From this conviction and sentencing he appeals.

The pertinent facts are as follows: This case came up for trial on April 6, 1970 in the Maricopa County Superior Court. At this first trial, the State's case consisted of the testimony of the prosecutrix, medical evidence and police witnesses. On April 8, the Superior Court ordered a mistrial based upon the jury's inability to reach a verdict.

The defendant raises three issues for review. He contends that the trial court erred in admitting, over defendant's objection, the testimony of one Carol Jewett. The defendant claims that the trial court erred by denying defendant's motion for continuance to enable the defendant to prepare for the testimony of Carol Jewett. Finally he contends that the trial court erred in prohibiting the defendant from calling the victim as a witness at the Dessureault hearing.

■  The general rule is that:

" * * * in the prosecution of one accused of a particular offense, evidence showing or tending to show the commission by the accused of another crime entirely distinct and independent of that for which he is on trial, even though it be a crime of the same class, is neither relevant nor admissible." State v. Little, 87 Ariz. 295, 302, 350 P.2d 756, 760–761 (1960).

■  However, there are several well-recognized exceptions to this rule. The State relies on the exception that evidence of similar offenses tends to show a system, plan or scheme embracing the commission of two or more crimes so related to each other that the proof of one tends to establish the other. See State v. Parker, 106 Ariz. 54, 470 P.2d 461 (1970).

■  We believe that the facts in this case bring it clearly within the exception. The testimony of the victim indicated that on May 11, 1969, some time after 10:00 p. m. at 40th Street and the freeway, a white Buick or Oldsmobile pulled into the path in front of her. She stated that the defendant emerged from that car, came back to her car and pointed a small chrome gun at her. She testified that the defendant had trouble driving her automobile, which had a shift. They then drove to a park near 32nd Street and Roeser Road where she was dragged from her car by the defendant and the other men in the white car. The defendant and another man raped her and then went through the contents of her purse.

Carol Jewett testified that on May 13, 1969, only two days after the incident involving the victim herein, between 10:00 p. m. and 10:30 p. m. at 40th Street and Van Buren, the defendant pointed a silver gun through her car window and got in her car. Although the kidnapper had difficulty with her stick shift, he drove to a rendezvous with some other Negro males in a white 1959 or 1960 Buick or Oldsmobile. They then proceeded to a lot with several shacks, where she was dragged screaming from her automobile. She stated that one of her attackers had put his hand up her dress. During this time, the men went through her purse and took some money. She further testified that she heard one man say that a woman heard her scream, and "they said she had seen what was happening, over here so they said 'Let's so [sic] someplace else.'" Whereupon, Carol Jewett was dragged back to the car, and later managed to escape by jumping from the moving vehicle and running to a house, where a woman called the police.

We believe that the foregoing testimony of both the victim and Carol Jewett is evidence of the attempt to commit similar crimes, and was properly admitted by the trial judge.

Regarding defendant's motion for continuance, we have always said that an appellate court will not interfere with the trial court's action on the granting or denial of a continuance unless it clearly appears that the discretion of the trial court has been abused. State v. McWilliams, 103 Ariz. 500, 446 P.2d 229 (1968); State v. Chambers, 102 Ariz. 234, 428 P.2d 91 (1967); State v. George, 100 Ariz. 350, 414 P.2d 730 (1966).

From the record it is apparent that the trial court did not act in an arbitrary manner in denying the motion for continuance. The defense counsel claimed he needed a continuance to locate several alibi witnesses with which to combat the "surprise" testimony of Carol Jewett. The trial court at this time advised defense counsel to subpoena the witnesses. Later, when the written motion for continuance was argued, the trial court denied the motion because counsel failed to subpoena the witnesses. Moreover, since there were other witnesses that testified to the same alibi, the effect of the missing witnesses' testimony would only be cumulative. The trial court's denial of the motion for continuance was not error.

The trial court held a hearing in compliance with State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969), cert. denied, 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed. 2d 257 (1970), in the absence of the jury to determine whether the out-of-court photo identification and line-up were unduly suggestive and whether the proposed in-court identification was thereby tainted. The trial court based its denial of the motion to suppress on the sole testimony of Officer Toms.

After studying the record of this case, we do not believe the showing of eight photographs violated the defendant's right to due process. Officer Toms testified that the prosecutrix first described her attacker before she looked at the photographs. He further said that after the first time through the victim selected only two photographs, one of which was the defendant.

We feel that the foregoing facts demonstrate that the prosecution proved by clear and convincing evidence that the *photo* identification was not impermissibly suggestive and thereby could not taint the in-court identification by the victim. See State v. Murray, 106 Ariz. 150, 154, 472 P.2d 19, 23 (1970); State v. Dessureault, *supra*, 104 Ariz. at 384, 453 P.2d at 955. As a result, the victim's testimony at the Dessureault hearing was not necessary under the circumstances.

During the Dessureault hearing, Officer Toms further testified about the procedures employed during the pre-information *line-up*. His testimony was corroborated by the victim's testimony at trial.

As a general rule, the trial court's determination will not be disturbed on appeal unless there is clear and manifest error. State v. Murray, *supra*, 106 Ariz. at 154, 472 P.2d at 23; State v. Darby, 105 Ariz. 115, 117, 460 P.2d 9, 11 (1969).

A review of the record indicates that there was no clear and manifest error. The testimony of Officer Toms showed that the line-up procedure was designed to avoid any influence by the other witness' identification. The line-up was held in a large room and each girl was kept out of earshot from the other.

Therefore, under the circumstances of this case, we find no error in the absence of testimony by the victim.

Judgment affirmed.

STRUCKMEYER, J., and UDALL, Retired Justice, concur.

Note: Pursuant to the authority contained in Article VI, § 20 of the Arizona Constitution, Retired Justice JESSE A. UDALL was assigned to serve in the Supreme Court of Arizona to assist in the disposition of this matter.