514 P.2d 466

**STATE of Arizona, Appellee,**

v.

**Edmund Patrick FLYNN, Appellant.**

**No. 2476.**

Supreme Court of Arizona,
In Banc.

Sept. 20, 1973.

---

Gary K. Nelson, Atty. Gen., Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Mickey L. Clifton, Phoenix, for appellant.

LOCKWOOD, Justice:

The defendant was convicted on one count of forcible rape and on one count of statutory rape. He was sentenced on each count to not less than five nor more than ten years, to run concurrently. From his conviction and sentencing he appeals.

He was initially tried in August 1971 but because the jury could not reach a verdict, the proceedings ended in a mistrial.

At the second trial, the defendant was tried on two counts of forcible rape.

The state's evidence at both trials was that on March 13, 1971, as the victim was walking home from a girlfriend's house, the defendant grabbed her, pulled her into a yard and raped her. The fifteen year old victim testified that the defendant choked her and repeatedly threatened to kill her. It was either during or directly after the rape that her assailant threatened her with a large brick when she refused to give her correct name and address to him. The defendant then took her clothing and left to get his truck. Approximately ten minutes later, he returned, gave her some of her clothes, forced her into his truck and drove her to the site of the second rape. She then undressed and intercourse occurred once again. Upon completion he drove her home. At no time did the victim try to escape from her assailant.

The victim further testified that several days after the rape, she received a phone call from her assailant telling her to wait at the corner of 12th Street and Thomas. She informed the police who picked up the defendant as he drove near the area.

A line-up and voice identification were conducted. The victim indicated that the defendant was her assailant and charges were then filed.

On appeal the defendant makes several assignments of error: (1) The trial judge erred when he refused to suppress the in-court identification of the defendant by the victim; (2) the court admitted evidence that was immaterial to the charges and therefore prejudicial; (3) the trial judge erred by misstating an instruction to the jury, although it was subsequently corrected; (4) the trial court erred by allowing the prosecutor to comment on the lack of defense evidence rebutting the prosecution's case; and (5) a new trial should have been granted because the jury verdicts were inconsistent.

The defendant claims that the trial court erred when it refused to suppress the in-court identification of the defendant where the accused had not been represented by counsel at the line-up. It should be noted that this line-up occurred before an information was filed against the defendant.

Nevertheless, the defendant urges us to extend the doctrine of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967); and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

We have repeatedly held that pre-information or pre-indictment line-ups are not a critical stage of the proceedings requiring that the accused be represented by counsel. State v. Nunez, 108 Ariz. 71, 492 P.2d 1178 (1972); State v. Branch, 108 Ariz. 351, 498 P.2d 218 (1972); State v. Fields, 104 Ariz. 486, 455 P.2d 964 (1969). See also State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969) cert. denied, 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970). We are not prepared to extend *Wade* and *Gilbert* to pre-indictment or pre-information situations.

It is also argued by the defendant that the line-up itself was unduly suggestive and that the trial court erred in its ruling.

Generally, the trial court's determination will not be disturbed on appeal unless there is clear and manifest error. State v. Downing, Ariz., 511 P.2d 638 (1973); State v. Murray, 106 Ariz. 150, 154, 472 P.2d 19, 23 (1970); State v. Darby, 105 Ariz. 115, 460 P.2d 9 (1969).

A review of the record shows that there was no clear and manifest error. On the night of the rape, the victim had an opportunity to view her attacker for about one and one-half hours. The line-up displayed five male caucasians of similar height and weight. All of the participants had brown hair and sideburns were colored longer on several men so that they more closely resembled the suspect. The victim looked at all of the five in a line and also one by one. After asking to view two individuals again (one of which was No. 4, the defendant) she positively identified No. 4. After the visual identification was made, there was an audio identification. Although the individuals did not change positions the police officer informed the victim that the order would be different. The testimony at the Dessureault hearing dis-closed that the voice identification was not as positive as the visual recognition but again the victim selected No. 4, the defendant.

After having these facts before the trial court at the Dessureault hearing, we believe that the prosecution did prove by clear and convincing evidence that the line-up was not impermissibly suggestive or tainted the in-court identification. Therefore, the in-court identification was properly admitted. See State v. Murray, *supra*; State v. Dessureault, *supra*.

Another assignment of error is the trial court's allowing in evidence a brick which was allegedly used to threaten the rape victim.

During the rape, the defendant tried to learn the victim's address. When he realized that she had given him a false address " * * * he picked up a brick that was laying there and he said 'if you lie to me one more time I'm going to smash your head in.' " Defense counsel later objected to receiving the evidence on the basis of materiality.

In a criminal prosecution, the trial court should be allowed reasonable discretion in determining relevancy and admissibility of evidence. State v. Turner, 92 Ariz. 214, 375 P.2d 567 (1962).

In the instant case, an element of the crime of forcible rape is "resistance * * * overcome by force or violence", A.R.S. § 13–611, subsec. A, par. 2; or " * * * threats of immediate and great bodily harm, accompanied by apparent power of execution, * * *." A.R.S. § 13–611, subsec. A, par. 3.

A factual question necessary to this case was whether or not there were threats or force. It is evident that the brick has a bearing on this factual issue and is therefore material. See State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960). As a result we cannot find any abuse of the trial court's discretion in admitting the brick.

The defendant also argues that reversible error was committed when the

trial judge inadvertently said "guilty" rather than "not guilty" while instructing the jury not to draw any inference of guilt from the information.

When this mistake was pointed out to the judge he cautioned the jury:

"THE COURT: I emphatically wish to say he has entered a plea of not guilty.

"You are instructed that an information is simply a formal method of accusing a defendant of a crime. It is not evidence of any kind against the defendant and does not create any presumption or permit any inference of guilt."

While we agree that a prejudicial remark by a trial judge can be extremely damaging to the right of a defendant, there is nothing in the record to indicate that the correction was ineffective or that the error was so prejudicial to make correction impossible. See State v. Martinez, 67 Ariz. 389, 198 P.2d 115 (1948).

Although the jury found the defendant guilty, there is substantial evidence in the record upon which the jury could have based its decision without taking into consideration the judge's misstatement. The trial judge therefore was correct in denying the defendant's motion for mistrial on this ground.

■ The defendnant next contends that in closing argument the county attorney in effect commented on the failure of the accused to take the stand violating the Fifth and Fourteenth Amendments of the Federal Constitution. The prosecutor only stated that the defendant did not bring in witnesses to rebut some of the state's evidence. Moreover, the prosecutor did not specify that the defendant personally had to rebut such evidence. No objections to these statements were raised at trial.

We feel that the foregoing facts do not raise any question of fundamental error.

State v. Benton, Ariz., 510 P.2d 743 (1973); State v. Jackson, 201 Kan. 795, 443 P.2d 279 (1968), cert. denied, 394 U.S. 908, 89 S.Ct. 1019, 22 L.Ed.2d 219 (1969).

The argument did not constitute a comment on the failure of defendant to testify but rather to bring home the point that the evidence was uncontroverted and justified a verdict of guilty. See State v. Berryman, 106 Ariz. 290, 475 P.2d 472 (1970).

Finally, the defendant asserts as error the trial court's refusal to grant the accused a new trial when the jury returned an "inconsistent" verdict.

■ It is well established that consistency in a verdict on different counts of an indictment is not necessary. State v. Zakhar, 105 Ariz. 31, 459 P.2d 83 (1969).

■ We find that no error was committed in the present case. The verdict is supported by the evidence. The evidence reveals that the first rape was accomplished with more force and fear than the second. In the first rape, the defendant grabbed the victim and pulled her into the bushes and then behind the house. He threatened to kill her and choked her. She testified that she tried to back away.

With the second rape, the facts indicate that the jury could reasonably have found only second degree rape pursuant to A.R.S. § 13–611, subsec. B even though the same parties were involved and it occurred on the same evening. At that time, the victim was left alone for five or ten minutes but did not try to escape.

From the foregoing we find no abuse of discretion on the part of the jury. See State v. Reeden, 106 Ariz. 409, 477 P.2d 240 (1970).

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.