514 P.2d 439

**STATE of Arizona, Appellee,**

v.

**Jesse A. TAYLOR, Appellant.**

**No. 2547.**

Supreme Court of Arizona,
In Banc.
Sept. 26, 1973.

Gary K. Nelson, Atty. Gen., William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Rudy Gerber, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

In March of 1972, defendant, after a jury trial in Maricopa County, was convicted of first degree rape, a felony, and sentenced to serve a term of not less than five years nor more than seven years at the Arizona State Prison. The state's evidence consisted of testimony from the victim incriminating the defendant. No corroborating testimony was given. From both his conviction and sentence, the defendant now appeals to this court.

The victim in this case was a sixty-six year old widow, who lived in Avondale, Arizona. She had sold Avon products in that town for a period of four and one-half years. On the night of May 26, 1971, the victim was sexually assaulted. The victim recognized the assailant as the boyfriend of one of her customers, Varee Epps. The victim testified that she had seen the assailant at the Epps' home on two previous occasions during the previous fourteen months that she had been selling Avon products to Miss Epps.

Either through fear or embarrassment, the victim waited one week before reporting the crime. On June 2, 1971 she reported the incident to the City Manager of Avondale whom she knew and trusted. He in turn reported the crime to the police. The investigating officer interviewed the victim at her house. He brought to the initial interview a folder containing seven photographs of possible suspects. The victim picked out two photographs as being similar to the assailant but definitely not the assailant. She then told the officer that she recognized her assailant as being the boyfriend of one of her customers, Varee Epps, but that she did not know his name.

The investigating officer left and after some inquiries, ascertained the name of the alleged assailant, Jesse A. Taylor, and located some photographs of the suspect in the police files. A second investigating officer returned to the victim's home with the original photographs plus the photographs of the suspect which had been placed in the back of the folder. Upon seeing a photograph of the suspect, the victim immediately identified him as her attacker.

Defendant was brought to the police station for a stationhouse showup. The victim was brought to the station and shown a man sitting alone in a small room. She indicated to the investigating officers that he was not her assailant. She was then shown the defendant who was also sitting in a small room by himself. The victim immediately identified the defendant as her attacker. Defendant's counsel was not present during the showup proceedings.

Defendant on appeal has raised several issues for this court to review. Defendant's first contention is that the initial photographic identification was unduly suggestive because it focused the victim's attention exclusively upon the defendant.

The United States Supreme Court has said:

"* * * [W]e hold that each case must be considered on its own facts, and that convictions based on eyewitnesses identification * * * by photograph *will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.*" Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253 (1968). (Emphasis added.)

■ Defendant's argument fails for the reason that the witness had a completely independent basis for the identification of her assailant. The victim had an opportunity to observe the defendant on at least two occasions prior to the assault and she knew the identity of the assailant although she did not know his name. She immediately recognized the defendant when he first appeared at her home the night of the attack. On that basis it is obvious that the victim was identifying the assailant for the benefit of the police so that they could arrest the right person rather than the police suggesting the identity of the defendant. Under these circumstances, the procedure used by the police could not be considered impermissibly suggestive.

The second issue raised by the defendant is that the stationhouse showup conducted by the police was unduly suggestive and violated the defendant's right to due process under the law.

■ The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness

to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

Applying these factors we find no merit to defendant's claim that the one-man lineup was impermissibly suggestive. The victim was able to observe her attacker for a period of at least one quarter of an hour at the time of the crime in addition to having seen him on two prior occasions. Her description of the assailant was such that the police were able to bring the defendant into custody the same day the attack was reported to them. In addition the victim had no doubt that the defendant was her attacker when he was shown to her. Finally, there was only a lapse of seven days between the time of the attack and the confrontation. Her record for reliability was also excellent in that she was able to correctly pick out defendant's photograph and did not misidentify the first suspect she was showed. Weighing all these factors we must conclude that there was little likelihood that there would be a misidentification.

Defendant also urges in his appeal that the right to counsel should be extended to pre-indictment as well as to post-indictment lineups. We have repeatedly held that pre-indictment or pre-information lineups are not a critical stage of the proceedings requiring the presence of counsel. State v. Flynn, 109 Ariz. 545, 514 P.2d 466 (1973); State v. Nunez, 108 Ariz. 71, 492 P.2d 1178 (1972); State v. Branch, 108 Ariz. 351, 498 P.2d 218 (1972); State v. Fields, 104 Ariz. 486, 455 P.2d 964 (1969); State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969), cert. denied, 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970). For these reasons we will not extend the doctrine of United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct.[1] 1951, 18 L.Ed.2d. 1178 (1967) and require the accused to be represented by counsel in pre-indictment or pre-information situations.

The fourth issue raised on appeal by the defendant is that the victim's in-court identification of the defendant was tainted by her photographic identification and/or the lineup identification. We have previously stated that:

"Questions as to whether there has been an accurate in-court identification of the defendant untainted by prior identification procedures and whether these procedures followed were fair to the defendant are preliminary questions for the trial court. State v. Dessureault, supra; State v. Darby, 105 Ariz. 115, 460 P.2d 9 (1969); State v. Murray, 106 Ariz. 150, 472 P.2d 19 (1970)." State v. Nunez, supra at 73 of 108 Ariz., at 1180 of 492 P.2d.

The trial court in this case made such a determination when it denied the defendant's motion to suppress. Such a determination will not be disturbed on appeal unless there is clear and manifest error. State v. Murray, 106 Ariz. 150, 472 P.2d 19 (1970); State v. Darby, 105 Ariz. 115, 460 P.2d 9 (1969).

Defendant's last assignment of error is that the verdict is contrary to the weight of the evidence. In considering whether a verdict is contrary to the evidence, this court does not decide whether it would reach the same conclusion as the jury but rather whether there was competent evidence to support the conclusion found. State v. Ford, 108 Ariz. 404, 499 P.2d 699 (1972); State v. Kidwell, 106 Ariz. 257, 475 P.2d 241 (1970). We conclude after reviewing the record that there was competent evidence to support the conclusion reached by the jury.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.