542 P.2d 828

**The STATE of Arizona, Appellee,**

v.

**Arnold AHUMADA, Appellant.**

**No. 2 CA–CR 646.**

Court of Appeals of Arizona, Division 2.

Dec. 2, 1975.

Review Denied Feb. 3, 1976.

Bruce E. Babbitt, Atty. Gen., by Charles E. Buri, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender, by Kenneth J. Peasley, Asst. Public Defender, Tucson, for appellant.

OPINION

HOWARD, Chief Judge.

Appellant was found guilty by a jury of unlawful sale of narcotics in violation of A.R.S. Sec. 36–1002.02 and was sentenced to serve not less than five years nor more than five years and one day. Two points are raised on appeal.

The first alleged error concerns the denial by the trial court of appellant's motion for a continuance. On the first day of trial, April 15, 1975, the court terminated the proceedings immediately after the state's opening statement due to "an appointment out of the office." The trial re-

sumed the next day. Included in defense counsel's opening statement was assertion of an alibi defense. The State proceeded with its case-in-chief. At the close of the state's case, appellant testified in his own behalf and denied having been in Tucson on the day of the alleged transaction. Following his testimony, the jury was excused and appellant's counsel requested a continuance until the following morning because appellant's brother was not present but could be present the following day and would testify regarding the alibi defense. The brother had been subpoenaed and was present the first day of trial but not the second.

We will not interfere with the trial court's refusal to allow a continuance unless it appears there has been an abuse of discretion and the denial is shown to be prejudicial. *State v. Benge*, 110 Ariz. 473, 520 P.2d 843 (1974); *State v. Downing*, 109 Ariz. 456, 511 P.2d 638 (1973). We are of the opinion that there has been an abuse of discretion here which was prejudicial to appellant, requiring reversal.

Appellant was diligent in insuring attendance by his witnesses and subpoenaed his brother who did appear on the first day of trial. His failure to appear the second day was not appellant's fault. He did assure the court that his brother could appear the third day to testify regarding the alibi defense. This situation, of course, differs from those in the cases of *State v. Reyes*, 99 Ariz. 257, 408 P.2d 400 (1965) where there was no showing that the absent witness could even be found, or of *State v. Tacon*, 107 Ariz. 353, 488 P.2d 973 (1971), cert. dismissed 410 U.S. 351, 93 S. Ct. 998, 35 L.Ed.2d 346 (1973), where the absent party was the defendant himself.

Prejudice to appellant is shown by the fact that he was his only witness and testified that he was in Phoenix on the day in question, remained there, and saw his brother before he left. Counsel for appellant stated in support of his motion for a continuance that the brother would testify regarding the alibi defense and thus it is clear that supportive testimony was to be elicited. The brother's testimony would not have been, as the state contends, cumulative. In the instructions to the jury, the court stated:

"You must decide the accuracy of each witness' testimony. Take into account such things as his ability and opportunity to observe, his memory, his manner while testifying, any motive or prejudices he might have, . . ."

The jury is free to completely disregard the uncorroborated testimony of a party. *State v. Schantz*, 98 Ariz. 200, 403 P.2d 521 (1965). Therefore, it cannot be said that additional testimony would be cumulative in this situation.

Appellant's second point on appeal concerns a comment by the prosecutor in his closing argument regarding appellant's failure to present witnesses in support of his alibi defense. In view of our disposition of this appeal, it is unnecessary to deal with this contention.

Reversed and remanded.

KRUCKER and HATHAWAY, JJ., concur.