589 P.2d 1319

**The STATE of Arizona, Appellee,**

v.

**Charles Bert FOSTER, Jr., Appellant.**

**No. 2 CA–CR 1313.**

Court of Appeals of Arizona,
Division 2.

Nov. 20, 1978.

Rehearing Denied Jan. 3, 1979.

Review Denied Jan. 30, 1979.

John A. LaSota, Jr., Atty. Gen., by William J. Schafer, III, and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by James E. Sherman, Asst. Public Defender, Tucson, for appellant.

OPINION

RICHMOND, Chief Judge.

Appellant was convicted of defrauding a business establishment in violation of A.R.S. § 13–318. The only issue on appeal is whether the trial court erred in refusing to grant him a one-day continuance to produce a witness to corroborate his testimony. We find it did not and affirm.

The pertinent facts are as follows. Appellant, using an assumed name, checked into the Rodeway Motel in Tucson on December 17, 1976, and paid for his first night's lodging. He remained at the motel through January 2, 1977, but made no further payments. Both the husband and wife who owned and operated the motel made periodic requests for payment. Appellant gave assurances to each that he intended to pay. On January 2, the husband went to appellant's room and asked him for the $237.70 he owed to date. Appellant again promised to pay, stating that he was planning to go to school and would have money as soon as he got the government grant he had applied for. Appellant then left the motel, taking one suitcase with him but leaving many of his belongings behind. After he left, the owners locked the door so that appellant could not reenter the room. On January 9, appellant called the motel and asked if he could come for his clothes. The owners told him to come and, while awaiting his arrival, called the police. Appellant was arrested at the motel. After he was taken to the police station in a police car, two airplane tickets to Cincinnati were discovered in the back seat where he had been riding.

The crime of defrauding a business establishment is a crime of specific intent. The state has the burden of establishing the specific intent. *State v. Jamison*, 110 Ariz. 245, 517 P.2d 1241 (1974). At trial, the state argued that defendant's intent to defraud the innkeeper was evidenced by the fact that he registered under an alias, claimed that he was planning on attending Pima College but never registered, and bought two airline tickets for Cincinnati, one ticket showing a departure date of January 9, the day before classes at Pima were to begin.

The defense argued that appellant's promises to pay were genuine, that his use of an alias was due to unrelated threats on his life, that his failure to register at Pima College was a matter of poor planning, and that his entire behavior, particularly in leaving his clothes at the motel and recontacting the motel of his own accord, were

inconsistent with an intent to defraud. With regard to the airplane tickets, appellant testified that because he felt his life was in danger, he had temporarily entertained the idea of going to Cincinnati but later changed his mind when his companion refused to join him.

On the third and final day of trial, defense counsel asked the court for a one-day continuance because appellant's companion, who was under subpoena to testify on his behalf, had not appeared. The state opposed the continuance and offered to stipulate as to what the absent witness's testimony would be. The trial judge then stated:

> THE COURT: All right. With that in mind, and inasmuch as Mr. Nesbitt is stipulating to what the witness would testify to if he were here, and inasmuch as this is the third day of a trial that started on Friday, went over to Monday afternoon rather than the morning to accommodate the defendant's counsel, and also with the understanding that the witness had been notified—that's the witness Whipp had been notified to be here on Tuesday, and thereafter the matter was continued again to Tuesday afternoon again to accommodate Mr. Whipp, with this in mind and with the stipulation in mind, the court is going to deny your motion for a continuance.

The stipulation, which incorporated verbatim defense counsel's offer of what the witness's testimony would be, was then read to the jury:

> Counsel have stipulated that if a gentleman by the name of John Whipp had been called as a witness on behalf of the defendant, he would testify as follows: That his name is John Whipp; that he lived in Hollywood, California; that he knew the defendant; that he still knows him today; that he would further testify that he was having a homosexual relationship with Charles Foster, the defendant, at the time that this was taking place, and for sometime preceding January 6th to 9th, 1977; that between Janu-

ary 6th and January 9th, 1977, Whipp was contacted by the defendant; that the defendant said he had bought two plane tickets to Cincinnati and he asked Whipp if he would go with him to Cincinnati. Whipp stated that he would not go. And at that point, the defendant stated that he wasn't going to leave Tucson if Whipp didn't go with him.

Whipp would further testify that the defendant told him that he planned to attend Pima Community College.

Granting a continuance because of absence of a material witness is within the trial court's discretion, *State v. Guthrie*, 108 Ariz. 280, 496 P.2d 580 (1972), and its ruling will not be disturbed unless abuse of discretion as well as prejudice are clearly established. *State v. Benge*, 110 Ariz. 473, 520 P.2d 843 (1974).

In *Salazar v. State*, 559 P.2d 66 (Alaska 1976), the Supreme Court of Alaska set out factors to consider in reviewing a request for a continuance:

> We reaffirm the standard in *Klockenbrink*[1] that the prime focus of inquiry must be on the reason for the requested continuance. We now articulate additional factors . . . (1) whether the testimony is material to the case; (2) whether the testimony can be elicited from another source; (3) whether the testimony is cumulative; (4) probability of securing the absent witness in a reasonable time; (5) whether the requesting party was diligent and acting in good faith; (6) the inconvenience to the court and/or others; and (7) the likelihood that the testimony would have affected the jury's verdict. 559 P.2d at 72.

Arizona decisions are consistent with these guidelines. *State v. Ahumada*, 25 Ariz.App. 247, 542 P.2d 828 (1975); *State v. Lacquey*, 117 Ariz. 231, 571 P.2d 1027 (1977).

We do not believe that the testimony of the absent witness, as reflected by the stipulation, would have affected the jury's verdict. True, it would have corroborated appellant's testimony that he had abandoned his plan to go to Cincinnati, but for reasons totally unrelated to the issue of whether he had previously intended to defraud the motel owners. Testimony that appellant had told the witness at some unspecified time that he planned to attend Pima College was of little if any probative value.

In view of the questionable nature of the proposed testimony and improbability that it would have affected the jury's verdict, the previous delay to accommodate the witness and his failure to appear, and the stipulation into evidence of the offer of proof, appellant has not established that denial of his motion for continuance was a prejudicial abuse of discretion requiring reversal.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.

---

1. *Klockenbrink v. State*, 472 P.2d 958 (Alaska 1970).