605 P.2d 907

**The STATE of Arizona, Appellee,**

v.

**Jose Ramon SANCHEZ, IV, Appellant.**

**No. 2 CA–CR 1789.**

Court of Appeals of Arizona, Division 2.

Dec. 19, 1979.

Rehearing Denied Jan. 15, 1980.

Review Denied Jan. 29, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by P. Donovan Riddle and Barry J. Baker Sipe, Asst. Public Defenders, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by a jury of grand theft and possession of marijuana. He was sentenced by the trial court to terms in prison on both convictions. Appellant contends the trial court erred (1) in refusing to grant him a continuance or in the alternative to permit him to reopen his case to secure testimony of a witness and (2) in not suppressing the evidence obtained in a search conducted pursuant to a search warrant. We affirm his convictions.

█ The granting of a continuance or permission to reopen is in the sound discretion of the trial court. See State v. Taylor, 112 Ariz. 68, 537 P.2d 938 (1975), cert. den., 424 U.S. 921, 96 S.Ct. 1127, 47 L.Ed.2d 328 (1976)—(permission to reopen case); State v. Foster, 121 Ariz. 287, 589 P.2d 1319 (App. 1978)—(granting continuance). After the state had completed its case and rested appellant also rested without presenting any evidence or calling any witness. The trial judge and counsel retired to the judge's chambers to settle instructions. At this point defense counsel asked for a continuance and issuance of a warrant for the arrest of a witness who had not appeared that day, the second day of the trial. The missing witness had testified at the suppression hearing two days before trial and had appeared the first day.

█ A short recess was granted during which the defendant was unable to locate the witness. The motion for a continuance was renewed and it was denied. The trial court asked why the witness was needed and defense counsel replied:

"Well, there are things that he testified to at the motion to suppress, that Mr. Sanchez contacted him at home, and it was late September—where he was living at the time. And also that there was some discussion about the speakers being hot, although who was with him, he didn't remember that.

\*   \*   \*   \*   \*   \*

And also that when he went to the Golf N Things somebody said, 'You better tell Jose that the speakers are stolen.'

So obviously if they said that, they didn't—he didn't tell them they were stolen. So they knew—"

We do not agree with defense counsel's view of the value of the missing witness. On appeal, appellant expands the reasons for having the witness testify, but we consider only those given to the trial court. Faced with the evidence that the stolen stereo equipment was found in appellant's home and that the witness would have testified that appellant told him the equipment was stolen, the court did not abuse its discretion in denying the motion to continue. State v. Foster, supra.[1]

Similarly, we find no error in the refusal to permit appellant to reopen his case. At the time he rested, he knew that the witness had failed to appear but did nothing until the time for settling the jury instructions. There was no abuse of discretion. See, State v. Taylor, supra; State v. Cousins, 4 Ariz.App. 318, 420 P.2d 185 (1966).

Appellant's second argument concerns the validity of the affidavit supporting the search warrant which resulted in the seizure of the stolen stereo equipment and some marijuana. The affidavit recited that in the personal knowledge of the affiant

1. Although not raised specifically as an issue, appellant contends the state, in its closing argument, made unfair comments on the failure of the defense to call this witness. Any error was waived by appellant's failure to object to the argument.

officer the informant was a reliable informant who in the past had given usable and valuable information including information about appellant. It also stated that the informant had told the officer that appellant had tried to sell the items to the informant and others, that on the day of the search the informant had contacted appellant at his home and he had informed him, "he had not sold the speakers and still had them with him . . ."; and that the equipment appellant was trying to sell matched the description of equipment taken in a burglary one month before. This equipment was described in the affidavit as consisting, in part, of the following: "Two Bose 901 Speakers, Walnut stained top and bottom, five sided, approximately 24″ × 18″ × 14″ high, Brn grill cloth cover, approx. 45 LBS. each for a total of 90 LBS."

The validity of an affidavit supporting a search warrant is not tested by parsing its sentences. The technical requirements of elaborate specificity, once exacted under common-law pleadings have no proper place in this area. The affidavit must be interpreted by magistrates and courts in a common sense and realistic fashion. *State v. Allen,* 9 Ariz.App. 196, 450 P.2d 708 (1969).

Reading the affidavit as a whole, we are convinced that the requirements of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) have been met. Appellant makes a particular point of the fact that since the informant never saw the stolen equipment in appellant's home there was no probable cause to search his residence. We do not agree. The statement made to the informant by appellant that he "still had them with him . . ." coupled with the size of the items, and their nature, create a reasonable inference that they were located in appellant's residence. See *United States v. Mulligan,* 488 F.2d 732 (9th Cir. 1973), cert. den., 417 U.S. 930, 94 S.Ct. 2640, 41 L.Ed.2d 233 (1974); *United States v. Lucarz,* 430 F.2d 1051 (9th Cir. 1970); *Gramaglia v. Gray,* 395 F.Supp. 606

(S.D.Ohio 1975). See also *State v. Endreson,* 109 Ariz. 117, 506 P.2d 248 (1973).

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.