STATE OF CONNECTICUT *v.* VONZO C. GUNTHER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 2-22093

Argued March 2—decided March 21, 1964

*Julius W. Frankel,* of Bridgeport, for the appellant (defendant).

*John D. Ward,* assistant prosecuting attorney, for the appellee (state).

JACOBS, J. The defendant was convicted of the crime of evading responsibility in violation of § 14-224 of the General Statutes. He appeals from the judgment rendered upon the verdict. The assignments of error relied upon for reversal all relate to the rulings of and statements by the trial court in relation to Leonard Stewart, a state's witness. The record shows this colloquy: "The court: Counselor, do not attempt to intimidate the witness. Mr. Frankel: I object, Your Honor, I am only trying to be nice to him. The court: Do not glare at him. Mr. Frankel: I have my bifocals on, Your Honor. The court: Cross-examine him but don't glare at him. This witness is doing a very commendable job, doing an exemplary job in testifying here. The court is very much impressed with his straightforwardness in trying to answer the questions. Mr. Frankel: At this time I move the jury be dismissed. I want to address the court if you will be kind enough. [Jury was then dismissed]."

The denial of the defendant's motion for a mistrial based upon the foregoing excerpt from the record is the basis of this appeal. The issue presented for review is whether these declarations of the court, made in the presence of the jury, so far transcended the bounds of legitimate comment as to effectively preclude the independent determination of the question of credibility which the defendant was entitled to have the jury make.

"There is a difference of authority as to the right of the trial judge to comment upon the evidence and the credibility of witnesses." 3 Wharton, Criminal Evidence (12th Ed.) p. 484. "The trial court in this jurisdiction has very much more latitude in its control over jury trials than in many of our States. It may discuss and comment on the evidence to the jury, indicate its own view-point, express an opinion as to its weight or as to what verdict would be proper if the jury should find certain facts to have been proved, and it may call the attention of the jury to considerations affecting the credibility of testimony." *State* v. *Cianflone,* 98 Conn. 454, 467; *State* v. *Thomas,* 105 Conn. 757, 764; *State* v. *Colonese,* 108 Conn. 454, 457; *State* v. *Searles,* 113 Conn. 247, 258. But "[t]he judge must not exhibit bias or prejudice nor take sides. And he must be careful lest by the manner or extent of the examination, or its hostile and critical character, he indicate to the jury his own prejudice for one side or the other. While he may indicate to the jury by his questioning his opinion as to the credibility of a witness, . . . he should by his instructions to the jury make it clear that his opinion was for their consideration but was not binding upon them." *State* v. *Cianflone,* supra, 469.

Notwithstanding the numerous occasions upon which the effect of the trial judge's remarks has

been before appellate courts; see 23 C.J.S., Criminal Law, § 993; note, 83 A.L.R.2d 1128; the cases are helpful only in so far as they enunciate certain broad general principles. No hard and fast rule can be laid down as determinative in each case of what a trial judge may say to a jury by way of comment on the evidence or the credibility of witnesses. Each case must turn upon its own peculiar circumstances. "It is impossible, however, from the cases to find the dividing line between what is objectional and what is not, and to lay down a hard and fast rule by which doubtful cases can be placed on one side or the other of the dividing line." *Malaga* v. *United States,* 57 F.2d 822, 827 (1st Cir.).

"While it has been held that the commending of a witness is improper, it has also been held that it is within the powers of the trial judge so to do." 23 C.J.S. 1032, Criminal Law, § 993. In three federal prosecutions, in each of which Judge Learned Hand wrote the opinion for the court, the judge's commendatory declarations of a witness were held proper. In *United States* v. *Frankel,* 65 F.2d 285 (2d Cir.), the trial judge had remarked that the boy Lewit seemed to him "frank" and "open" without "any particular interest in this controversy"; it was held (p. 288): "This was quite within the bounds of propriety. . . . No doubt there may be cases where in spite of the final admonition that the facts are for the jury, a judge may go too far . . . , that is a question not susceptible of general answer." In *United States* v. *Chiarella,* 184 F.2d 903, 908 (2d Cir.), the court held: "Last is an objection to the judge's remark that Seidler was 'apparently telling the truth.' It is enough to observe that this did not overstep the power universally accorded to a judge to express his opinion on the facts, provided he makes it plain to the jury that they need not agree with him, which in the case at bar the judge did very

explicitly in his charge." And in *United States* v. *Reina,* 242 F.2d 302 (2d Cir.), the trial judge had said: "Likewise in this court a judge may comment on the credibility of witnesses. I shall avail myself of that privilege with respect to the witness, George Salas. If I were called upon to grade his credibility, I would be disposed to give him a high mark." See brief for United States of America, p. 56. The court held (p. 307): "The judge was so plainly within his powers in commending Salas, that it is strange that the objection should be so seriously urged."

On the other hand, state courts have adopted a less cavalier attitude towards a trial judge's commendatory remarks of a state's witness in the presence of the jury and in each instance the conviction has been set aside. Thus, in *People* v. *Silverman,* 252 App. Div. 149, 174 (N.Y.), the court held: "[I]t is also our opinion that these defendants were prejudiced by the court's commendation of the witness Corbett, in effect admonishing the jury thereby that he was a reliable witness." In *State* v. *Deslovers,* 40 R.I. 89, the trial judge had said: "I believe the witness is trying to do the best she can." The court held (p. 117): "Courts have been very careful in eliminating any remarks by the trial judge the tendency of which would be to intimate to the jury his personal view . . . or [would] be complimentary to a witness by way of expressing confidence in his or her ability." In *Pound* v. *State,* 43 Ga. 88, 139, the court said: "Again, we say it was error in the Court to compliment any witness in the case. Although the words are not given, it appears, by the certificate of the Judge, that he complimented one of the witnesses for the State in the presence of the jury. Such act was improper in the Judge." In *State* v. *Staley,* 45 W. Va. 792, 805, the court held it was prejudicial error where the trial judge referred to one of the state's witnesses as one "whose integrity

is not to be questioned." And in *Kirk* v. *Oklahoma,* 10 Okla. 46, 61, it was held that "the expression of the court in reference to the witness Baker . . . [was] one of confidence in the standing and integrity of the witness . . . [which] might reasonably have prejudiced . . . [the jury] against the defendant." Cf. *Spence* v. *Miller,* 197 Va. 477, 481, 482 (" '[I]t has been my observation that . . . [the witness] has been rather reluctant to give straightforward answers . . . .' In view of the closeness of the case on the facts, we cannot say that the comment of the court did not prejudice the defendant before the jury").

In the case at bar, the state does not claim that the court's remarks were cured by a later admonitory instruction; as a matter of fact, the state's brief says the court gave the "usual charge to the jury." In these circumstances, we have no way of assessing the impact upon the jury of the judge's commendation of the state's witness. The remarks had the capacity to tip the scale against the defendant. It has more than a mere passing comment; it was a broad endorsement of the unimpeachable credibility of the state's witness. "A judge presiding at a jury trial occupies a role of inherent power and dignity that commands a deference from the jury impossible to appraise precisely. What he tells the jury about the . . . case has great weight with them." *LaChase* v. *Sanders,* 142 Conn. 122, 124; *State* v. *Loughlin,* 149 Conn. 21, 27. "The court put the pressure of its views and conclusion as to the weight to be attached to . . . [the witness] testimony on the side of the prosecution, in a case in which the facts were not complicated, nor voluminous nor difficult of determination by one even of moderate intelligence." *Smith* v. *United States,* 18 F.2d 896, 897 (8th Cir.). The requirement that the jury be instructed that they, and not the judge, are

the exclusive trier of the facts and the sole judge of credibility is not satisfied in such a case as this by the mere repetition of the "usual charge" in the literal manner. True, there was literal compliance here, but the force of the charge had been neutralized and its essence destroyed because the effect of the remarks was to impose the court's opinion on the jury. This the court could not do. "Since the error may well have affected the jury's judgment, it cannot be said to be harmless." *State* v. *Loughlin*, supra, 28.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion PRUYN and LEVINE, Js., concurred.