425 P.2d 582

**The STATE of Arizona, Appellee,**

**v.**

**Donald Vernon STOUT, Appellant.**

**No. 2 CA–CR 58.**

Court of Appeals of Arizona.

March 22, 1967.

Rehearing Denied April 20, 1967.

Review Denied May 16, 1967.

Darrell F. Smith, Atty. Gen., Phoenix, Rubin Salter, Jr., Sp. Asst. Atty. Gen., Tucson, for appellee.

Arthur W. Vance, Jr., Window Rock, for appellant.

HOWARD, Superior Court Judge.

This is an appeal from a conviction in superior court of Pima County, Arizona, on one count of burglary.

On December 20, 1964, the defendant and another man entered a Circle K Market in Tucson, Arizona. At that time an employee of the market, one Orville Keel, was on duty at the check-out stand. While the defendant held the bayonet against the side of Mr. Keel, the man who accompanied the defendant into the store took the money out of the cash register.

The defendant was tried by a jury and was represented by court appointed counsel at all times. The defendant was sentenced to not less than five and not more than six years in the Arizona State Prison, for burglarizing the Circle K Market.

Since the defendant, among other things, attacks the procedure which led to his trial and conviction, the procedural steps will be listed in chronological order:

On June 29, 1965, the defendant was brought before the magistrate upon a complaint charging him and two other persons with two counts of robbery, to wit:

"That the said Donald Vernon Stout, James Madison Thompson, and Jesse Milton Sanders, did then and there willfully and unlawfully, rob one Robert R. Grant, all in violation of A.R.S. Section 13-641 and Section 13-643, and

"That the said Donald Vernon Stout and James Madison Thompson, did then and there rob willfully, one Orville Keel, all in violation of the A.R.S. Section 13-641 and Section 13-643."

On July 9, 1965, an information was filed under case No. A-14790 charging the defendant with the same two counts of robbery pursuant to the complaint filed in justice court, except that the names of the other defendant were omitted.

On July 13, 1965, the defendant was arraigned before the superior court. At this time, defense counsel was appointed, the defendant pleaded "not guilty," and refused to waive the 60 day period for his trial. A trial date of August 31, 1965 was set.

On July 14, 1965, the defendant's counsel filed with the superior court a motion to sever counts one and two, and a motion for a preliminary hearing.

On July 27, 1965, the superior court granted defendant's motion to sever and his motion for a preliminary hearing as to both counts as charged.

On August 31, 1965, counsel for defendant was notified by the clerk of the court, verbally, that the trial date in case No. A-14790 was vacated.

On September 2, 1965, the defendant and his counsel appeared in justice court for a preliminary hearing. The hearing was continued on a motion by the justice of the peace until September 30, 1965, because of the unavailability of a court reporter.

On September 30, 1965, a preliminary hearing was had and the defendant was held to answer. The defendant was bound over to the superior court on the same two charges of robbery.

On October 15, 1965, a new information being case No. A-14936, charging the identical crimes that were charged under A-14790, was filed.

On October 18, 1965, the original robbery information under A-14790, was dismissed on a motion of the county attorney's office. The new information, that is, A-14936, was attacked by the defendant on October 29, 1965, by motion to quash, pursuant to Rule 236 of the Arizona Rules of Criminal Procedure, 17 A.R.S. The hearing was had on November 9, 1965, and this motion was granted.

A bill of indictment was presented to the Pima County grand jury on December 16, 1965, still based upon the events of December 20, 1964. A true bill was returned on that date and on December 29, 1964, the defendant was arraigned on the indictment A–15064, charging the defendant not with robbery, but with burglary as follows:

" * * * that on or about the 20th day of December, 1964, in Pima County, Arizona, and before the bringing of this indictment, the said Donald Vernon Stout committed burglary of a store located at 2750 North Tucson Boulevard, Pima County, Arizona, all in violation of A.R. S. § 13–302.

### COUNT TWO

" * * * On or about the 20th day of December, 1964, Donald Vernon Stout committed burglary of a store located at 1117 South Sherwood Village Drive, Pima County, Arizona, all in violation of A.R.S. § 13–302."

On December 29, 1964, the defendant entered his plea of "not guilty" to the indictment A–15064, did not waive the 60 day trial period and received five days in which to file any motions directed towards the indictment. A trial was set before a jury on January 25, 1966.

On December 31, 1965, the defendant filed a motion to quash the indictment on the grounds of double jeopardy and that the defendant had been granted immunity by law from prosecution of the action.

The motion to quash was denied and the trial commenced on January 25, 1966.

At all times previously mentioned, the defendant was out on bond.

The defendant contends that the procedure used by the state in bringing the case to trial denied him a speedy trial, placed him in double jeopardy, and was unlawful in that the dismissal by the court of the information in case No. A–14936 constituted a bar to any further prosecution by

virtue of the provisions of Rule 238 of the Arizona Rules of Criminal Procedure.

There is no doubt that the Arizona Constitution guarantees a defendant the right to a speedy trial. The right to a speedy trial is basically found in two sections of the Arizona Constitution and in the Rules of Criminal Procedure. These are as follows:

"In criminal prosecutions, the accused shall have the right * * * to have a speedy public trial . * * *." A.R.S. Const. Art. 2, § 24.

"Justice in all cases shall be administered openly, and without unnecessary delay." A.R.S.Const. Art. 2, § 11.

"In all criminal prosecutions the state and the defendant shall each have the right to a speedy trial." Arizona Rules of Criminal Procedure, Rule 240.

The Arizona Supreme Court in State v. Maldonado, 92 Ariz. 70, 373 P.2d 583 (1962), states as follows:

" 'The constitutional right of a defendant charged with crime is to a speedy trial, and this primarily had to do with his personal liberty as being the one and efficient means by which he should not, for an undue time, be left to languish in jail, and thus be robbed of such part of his life.' (citation omitted) Another important purpose of this fundamental guarantee is to enable an accused to effectively prepare his defense i. e. before time and failing memories leave witnesses dead, unavailable or useless. And a prompt trial eliminates at least some of the anxiety, harassment and unfavorable publicity suffered by the innocent as well as the guilty who await the outcome of pending charges. Finally, ' * * it is desirable that punishment should follow offence as closely as possible; for its impression upon the minds of men is weakened by distance, and, besides, distance adds to the uncertainty of punishment, by affording new chances of escape.' "

■ The foregoing case of State v. Maldonado, supra, also sets forth when the right to a speedy trial commences:

"Accordingly, we hold that in Arizona the right to a speedy trial as that term is legislatively defined in Rule 236 commences at the time an accused has been 'held to answer' by a magistrate. * * *"

■ It should be noted that the defendant in this case was indicted by the grand jury on the burglary charge on December 16, 1965, and the trial was commenced on January 25, 1966. It can be readily seen that the trial was well within the 60 day period from the date of the indictment. It follows that the defendant's right to a speedy trial was not violated in this instance.

■ In addition, it should be noted that the defendant must show something in addition to a mere lapse of time between the time he was arrested and the date his trial commenced. This too is discussed in State v. Maldonado, supra:

"The United States Supreme Court has stated that denial of due process 'as applied to a criminal trial * * * is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it * * * [the Court] must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevent a fair trial.' [citation omitted] Thus, unless the preliminary delay in some way deprives an accused of a fair trial there is no denial of due process of law. * * *"

The holding in State v. Maldonado, supra, was reaffirmed in Palmer v. State, 99 Ariz. 93, 407 P.2d 64 (1965) and State v. Tuggle, 101 Ariz. 216, 418 P.2d 372 (1966).

■ Here, the defendant makes no contention that the delay deprived him of an opportunity to effectively prepare for or defend himself at the trial. In the absence of any resulting unfairness at the defend-ant's trial we cannot say that he has been denied due process of law.

■ The defendant's claim of double jeopardy is without merit. Jeopardy does not attach until a jury is empaneled and sworn and proceedings commence. West-over v. State, 66 Ariz. 145, 185 P.2d 315 (1947); State v. Puckett, 92 Ariz. 407, 377 P.2d 779 (1963).

No jury had ever been empaneled previous to the trial commencing on January 25, 1965 and therefore, no jeopardy could have attached as contended by the defendant.

Rule 236 of the Arizona Rules of Criminal Procedure, insofar as applicable to this case, reads as follows:

"When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days thereafter, or when a person has been indicted or informed against for an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action. * * *"

Rule 238 of the Arizona Rules of Criminal Procedure deals with the effect of the dismissal under Rule 236 and states as follows:

"An order for the dismissal of the prosecution, as provided in Rule 236, is a bar to any other prosecution for the same offense if it is a misdemeanor, but is not a bar if the offense is a felony, provided no such prosecution shall be instituted without the order of the court in which the action was pending."

■ Although the record is somewhat confusing, both parties agree that there was no order of court ordering the institution of the burglary proceedings that re-

sulted in the indictment returned on December 29, 1964.

■■■ Rule 238 is applicable when the offenses are the same. In order to determine whether or not an offense is the same, the test to be applied is whether facts charged in the later information would, if found to be true, have justified a conviction under the earlier information. State v. Wilson, 85 Ariz. 213, 335 P.2d 613 (1959). Applying that test to the case at hand, it is obvious that a robbery conviction could not be had upon proof of all the facts alleged in the indictment for burglary. Proof that the defendant entered the Circle K Market with an intent to commit a felony therein, could not provide the basis for a conviction of robbery since in order to prove a robbery, it would be necessary to prove in addition, that the defendant feloniously took personal property in the possession of another person or his immediate presence and against his will, accomplished by means of force or fear. A.R.S. § 13–641. We, therefore, do not believe that the dismissal under Rule 236 of the Arizona Rules of Criminal Procedure resulted in a bar to prosecution on charges of burglary.

Defendant finally contends that the deputy county attorney in his closing argument improperly argued from facts not in evidence and "testified" by stating his own knowledge of the facts.

The portion of the deputy county attorney's argument which defendant attacks concerns one of the state's witnesses, a Virginia Mast. In regard to this witness the deputy county attorney stated as follows:

"* * * Mr. Vance said I brought her over here and that I pointed out the defendant, and if any of you were sitting out there as you have most of the trial when we are out of chambers, you may have seen her come over today. I was not with her, I sent her by herself to find the man she saw that night. She came over, and after she got here, I went and asked her, 'Is he around here,' and she said 'yes.' She said the defendant, Mr. Stout."

No objection was made to the argument either at the time the statements were made or at the completion of the final argument. The first time that the defendant's complaint was brought to the attention of the court was after the instructions were given and the jury had retired from the courtroom to deliberate.

Defendant's counsel, Mr. Vance, in his oral argument before this court explained why he failed to object. Mr. Vance stated that the trial judge admonished counsel about continually interrupting one another and that the trial judge desired to instruct the jury at the end of the closing arguments.

After the deputy county attorney, Mr. Alley, had interrupted Mr. Vance during his closing argument, the court said the following to Mr. Alley:

"I feel that counsel, both of you, perhaps, have indulged in this practice of interrupting one another. I don't think it's proper for counsel to interrupt in matters that could be rebutted. There is some question as to the phraseology, which Mr. Vance employed in this case with respect to this defendant that he is alluding to. But, I believe that could be clarified in your rebuttal."

■■■ It would be unfair to construe the statement as a blanket admonition against both counsel's objections, because the judge pointedly refers to the rebuttal available to Mr. Alley. Mr. Vance had no rebuttal open to him at the time the allegedly improper statements were made, so his reliance on the trial judge's caveat to the deputy county attorney was unreasonable and does not excuse his failure to object.

■■■ It has long been the rule in this state that if improper statements are made by counsel during the trial, it is the duty of opposing counsel to register an objection thereto so that the court may make a correction by proper instructions. State v. Silvas, 91 Ariz. 386, 372 P.2d 718 (1962); State v. Evans, 88 Ariz. 364, 356 P.2d 1106 (1960); State v. Boozer, 80 Ariz. 8, 291 P.2d 786 (1955); Sullivan v. State, 47 Ariz. 224, 55 P.2d 312 (1936).

We do not believe that the remarks were so prejudicial that their effect could not have been obviated by a proper instruction to the jury.

The judgment is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LAWRENCE HOWARD was called to sit in his stead and participate in the determination of this decision.