514 P.2d 1245

**STATE of Arizona, Appellee,**

v.

**Jose RODRIQUEZ, John Flores, Jr. and Frank Roberto Flores, Appellants.**

**No. 2423.**

Supreme Court of Arizona, In Division.

Oct. 24, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs and Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

W. Clifford Girard, Jr., Phoenix, for appellants.

STRUCKMEYER, Justice.

Defendants, Jose Rodriquez, John Flores, Jr., and Frank Roberto Flores, were convicted in the Superior Court of Maricopa County, Arizona, of attempted armed robbery, and have appealed.

The facts stated in the light most favorable to sustaining the conviction show that on the evening of July 7, 1970, Jose Rodriquez and John Flores, Jr. entered the Rainbow Liquors store in Phoenix, Arizona, seemingly with the intention of committing the crime of robbery. A shooting occurred in which the defendant John Flores, Jr. was injured. Immediately thereafter, Rodriquez and John Flores, Jr. ran from the store and left in an automobile driven by Frank Roberto Flores. About thirty minutes later, they went to a hospital, where they were arrested. Hollis Grimes, an attendant at the store, identified them at the hospital as the persons who had attempted a robbery.

Defendants filed motions to suppress this identification on the grounds that it prejudicially deprived them of their Fifth and Sixth Amendment rights. These motions were denied and are defendants' first grounds for appeal.

In State v. Nunez, 108 Ariz. 71, 492 P.2d 1178 (1972), this Court specifically refused to extend the rule of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967), holding that counsel is not required to be furnished to a defendant at pre-indictment or pre-information proceedings. We have also held that a suspect is not denied due process when placed in a line-up prior to indictment or the filing of an information merely because counsel was not present to represent him. State v. Taylor, 109 Ariz. 518, 514 P.2d 439, September 26, 1973; State v. Flynn, 109 Ariz. 545, 514 P.2d 466, September 20, 1973; and see State v. Branch, 108 Ariz. 351, 498 P.2d 218 (1972); State v. Fields, 104 Ariz. 486, 455 P.2d 964 (1969); and State v. Dessureault, 104 Ariz. 380, 453 P. 2d 951 (1969), cert. denied, 397 U.S. 965, 90 S.Ct. 1000, 25 L.Ed.2d 257 (1970).

■ While it is true that the Sixth Amendment to the Constitution of the United States requires that an accused have counsel at any critical stage of his prosecution, Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), it is only when the government has committed itself to prosecute and the adverse positions of the government and the defendant have solidified that the explicit guarantee of the Sixth Amendment is applicable, Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). We hold that the defendants did not have a constitutional right to counsel at the show-up at the hospital and, therefore, were not for this reason denied due process of law.

Defendants urge that the hospital identification was prejudicial in that it was unduly suggestive, first, because Grimes was told in advance that the police had the robbers at the hospital, and, second, because when Grimes arrived there, two of the defendants were handcuffed and the third was lying on a bed with his head heavily bandaged. The trial judge heard arguments of counsel at a pre-trial proceeding which were later renewed at the trial. This testimony taken at the preliminary examination was relied on to establish the defendants' positions:

"Q. The police told you they had the boys down at the hospital? Who did this, what did they say to you then?

A. One of them asked me would I go over with him. He took me over and brought me back.

Q. Did he tell you why he was taking you over?

A. Yes, he wanted me to see if I could identify them.

Q. He already told you these were the boys?

A. He said they had them over there.

Q. Did he tell you why he thought they were the boys?

A. They had the fellow over there for treatment.

Q. Did he tell you one of the boys was there for a gunshot wound?

A. Yes.

Q. Pretty sure who the boy was?

A. That's correct."

Testimony of Hollis Grimes.

■ Even though the defendants were handcuffed and Grimes was told that the police had captured the men who had attempted to rob him, the trial court's denial of defendants' motion to suppress the in-court identification was not error. It could have reasonably concluded that, regardless of these suggestive circumstances at the hospital, the procedure did not contaminate the identification then or later.

The facts are that one of the defendants stood close enough to Grimes in the store to hit him on the head with his fist, and the other tried to open the cash register about three or four feet away. Moreover, the time lapse between the attempted robbery and the view by Grimes of the defendants at the hospital was less than an hour—obviously the identification was made at a point in time when Grimes' recollection was still fresh. We find nothing in the record which would indicate that he was such an unduly suggestible individual that he would be influenced by the statements of the police into making an erroneous identification.

■ The second issue raised by defendants concerns a statement made by the trial judge in overruling defense counsel's objection to the narrative form of answer by the State's witness, Julio Rios.

"THE COURT: I believe you can elaborate on cross-examination. He is making an honest effort to relate. You may proceed."

Defense counsel objected to the phrase "honest effort to relate," and asked for a mistrial. The court denied the motion, but, recognizing the implication contained in his statement, immediately instructed the jury in this language:

"THE COURT: Ladies and gentlemen, the Court commented in connection with

a ruling that the witness was making in the opinion of the Court an honest effort to relate, and you are instructed to disregard that statement, that it is the exclusive province of the jury to determine the credibility of the witness and an inpropriety [sic] statement on the part of the Court. You may proceed."

Defendants urge that the court's instruction could not cure the error created by the remark. We disagree.

First, an examination of the precedents cited by defendants leads us to the conclusion that they are distinguishable. In Robinson v. State [Fla.App.], 161 So.2d 578 (1964); State v. Deslovers, 40 R.I. 89, 100 A. 64 (1917); and Hamilton v. State [Fla.App.], 109 So.2d 422 (1959), there was no cautionary instruction to the jury following the allegedly prejudicial comment. In State v. Gunther, 2 Conn.Cir. 502, 202 A.2d 905 (1964), the trial judge said:

"This witness is doing a very commendable job, doing an exemplary job in testifying here. The court is very much impressed with his straightforwardness in trying to answer the questions." 202 A. 2d 905, 906.

The Connecticut appellate court said:

"The remarks had the capacity to tip the scale against the defendant. It has [sic] more than a mere passing comment; it was a broad endorsement of the unimpeachable credibility of the state's witness." 202 A.2d 905, 907.

Here, the court's comment was not a broad endorsement of the credibility of the witness and the special instruction to the jury immediately following sufficiently protected defendants from any prejudice.

Defendants next assert that the trial court's refusal to instruct the jury as to specific intent was error. We have previously held that the crime of robbery requires the giving of an instruction on specific intent. State v. Hardin, 99 Ariz. 56, 406 P.2d 406 (1965).

In the instant case, the trial court gave the following instructions on robbery and attempts:

"You are further instructed that robbery is the felonious taking of personal property in the possession of another from this person, or immediate presence, and against his will, accomplished by means of force or fear.

An attempt to commit a crime is the performance of an act immediately and directly tending to the commission of the crime with the intent to commit such crime, the consummation of which fails on account of some intervening cause."

■ We first note that the instruction on robbery, standing alone, would not be sufficient to sustain a robbery conviction for the reason that it does not contain any language telling the jury that it must find the specific intent to take the personal property of another. But the conviction is for attempted robbery, and the attempt instruction does indicate to the jury the necessary intent, "with intent to commit such crime"; that is to say, with intent to take the personal property of another. When the two instructions are read together, there can be no misunderstanding as to what is necessary to be found before the jury could return a verdict of guilty to the charge of attempted robbery.

As a final issue, defendants claim that their Sixth Amendment right to speedy trial was violated because their trial occurred 51 weeks after the date of arrest.

■ Delay alone is not sufficient to warrant a reversal of the conviction and a prohibition against further prosecution. Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973). In addition, defendants must show that because of the delay they were necessarily prevented from having a fair trial. State v. Maldonado, 92 Ariz. 70, 373 P.2d 583 (1962); State v. Stout, 5 Ariz.App. 271, 425 P.2d 582 (1967). The length of the delay is to be considered as a starting point in weighing the defendant's assertion of his right,

and the prejudice to him. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

The continuances in this case were all made upon the motion of the court, except for the defendants' waiver of the initial 60-day trial period required by Criminal Rule 8.2(b), 17 A.R.S. Although defendants state in their brief filed in this Court that they objected to all other continuances, the record containing the pre-trial orders does not reveal such objections. Defendants did, however, file a motion to dismiss several months prior to trial and prior to the last ordered continuance.

Defendants do not in their brief claim that the delay resulted in prejudice, but upon oral argument it was urged that during the long delay the prosecution witness Julio Rios joined the Marines and was not available for interview by defense counsel until shortly before the trial. In addition, defendants argue that a number of State witnesses suffered from poor memory at the trial due to the long delay.

The language of the Supreme Court in *Barker* disputes defendants' claim of reversible error simply because of delay.

"A second difference between the right to speedy trial and the accused's other constitutional rights is that deprivation of the right may work to the accused's advantage. * * * As the time between the commission of the crime and trial lengthens, witnesses may become unavailable or their memories may fade. If the witnesses support the prosecution, its case will be weakened, somewhat seriously so. And it is the prosecution which carries the burden of proof. *Thus, unlike the right of counsel or the right to be free from compelled self-incrimination, deprivation of the right to speedy trial does not per se prejudice the accused's ability to defend himself.*" 407 U.S. 514, 521, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101, 111–112. [Emphasis added.]

Defendants did not particularize on how the asserted memory lapses of the State's witnesses prejudiced their defense and, accordingly, we reject their contention that the delay is grounds for reversible error.

Insofar as the witness Rios is concerned, the defense had an opportunity to interview him prior to trial and did not urge at the trial that they were in any way damaged because they were unable to talk to him sooner. Defendants did not then nor do they now show how Rios' absence from the State was prejudicial to the preparation of their defense.

We hold that defendants were not prejudiced by the delay. Hence, in balancing the defendants' assertion of their rights as against the want of prejudice we find no reason to reverse this conviction.

The judgment is affirmed.

HAYS, C. J., and CAMERON, V. C. J., concur.