561 P.2d 1242

The STATE of Arizona, Appellee,

v.

Robert Frank AITA, Appellant.

No. 2 CA–CR 851.

Court of Appeals of Arizona,
Division 2.

Dec. 31, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Georgia Butcher Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Charles L. Weninger, Pima, Public Defender, Tucson, for appellant.

OPINION

RICHMOND, Judge.

Appellant was found guilty by the trial court of armed robbery while armed with a gun, and was sentenced to serve a term of not less than 10 nor more than 15 years in the Arizona State Prison. He has raised three points on appeal, none of which mandates reversal.

The necessary factual background for the disposition of this appeal is as follows. On the evening of November 3, 1975, the Quik Mart store at 1210 W. Prince Road was robbed. Within minutes, the Tucson Police

Department was notified and given a description of the car and two male suspects. Some 15 to 20 minutes later, a police officer saw the suspect vehicle proceeding north on Miracle Mile. He followed the car to the Trails End Motel and watched as three subjects exited the vehicle and knocked on the door of a room in the motel. The suspects then returned to the car and were pushing it to get it started when the officer stopped them and instructed them to place their hands on top of the vehicle. An on-the-scene search of the car revealed a weapon and property taken in the robbery. The robbery victim was brought to the motel and identified appellant as one of the men involved in the robbery.

Appellant's initial contention is that the trial court erred when it denied his motion for additional discovery, that is, a line-up at the Pima County Jail. Appellant requested that the victim of the robbery be brought to the Pima County Jail to see if he could identify appellant. The trial court denied the motion. Appellant's argument runs along the lines of *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), in that he claims that since the state can have him appear in a line-up at its whim, if the right is not reciprocal his rights under the Due Process Clause of the Fourteenth Amendment have been violated.

■ Appellant does not have a constitutional right to have the witness's identification contested by a line-up. *United States v. Kennedy,* 450 F.2d 1089 (9th Cir. 1971); *United States v. Boston,* 508 F.2d 1171 (2nd Cir. 1974); *United States v. King,* 149 U.S.App.D.C. 61, 461 F.2d 152 (1972). As the court stated in *United States v. Ravich,* 421 F.2d 1196 (2nd Cir. 1970):

"We would likewise not be disposed to hold a line-up to be so essential to the presentation of a proper defense concerning identification that refusal to arrange one on a defendant's request is a denial of due process of law. . . . A pretrial request by a defendant for a line-up is thus addressed to the sound discretion of the district court and should be carefully considered." 421 F.2d at 1203.

There is nothing in the record before us to indicate that denial of appellant's request was an abuse of discretion on the part of the trial court. The court in *Ravich* established certain relevant factors to be considered in determining whether the trial court had improperly exercised its discretion. Among the factors were: (1) the length of time between arrest and the request, (2) the propriety of other identification procedures, and (3) the degree of doubt concering the identification. Although the factors in the present case go towards showing the propriety of the trial court's refusal to allow the line-up appellant has shown no prejudice to his defense by the refusal, other than the fact that he might have been able to show that the witness could not identify him at the later line-up. We do not think the reciprocal discovery rights apply in this situation and therefore find *Wardius* inapplicable.

■ Appellant next contends that the trial court erred in denying his motion to suppress the fruits of the warrantless search of his vehicle. He admits, arguendo, that the officer had probable cause to stop him and his companions. The vehicle being pushed met the description of the vehicle in the robbery and the subjects also met the description. His complaint that the search was unjustified because they had already been arrested and were under restraint outside of the vehicle is without merit. There was probable cause to believe that the automobile contained the weapon used in the robbery, as well as the fruits of the crime, and the search was therefore justified. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

The last question raised is whether the trial court erred in denying appellant's motion to suppress his identification. He argues that the identification at the motel was impermissibly suggestive. At the hearing on a motion to suppress identification, the victim testified that he was taken to the motel by an officer who told him, "I think we have him." The victim stated that at the motel he saw the suspects at a distance

of approximately 30 feet and there was no doubt in his mind that appellant and one of his companions were the persons who had robbed him at gunpoint earlier that evening. He testified that during the robbery appellant held a gun on him for some three to four minutes from a distance of three to five feet and ordered him to back away from the cash register, put down the phone and lie on the floor. He testified he was not influenced by the fact that appellant was handcuffed. In *State v. Rodriquez,* 110 Ariz. 57, 514 P.2d 1245 (1973), our Supreme Court found in a case where the defendants were handcuffed and the victim was told that the police had captured the man who attempted to rob him, the denial of the motion to suppress was not error. The court stated:

> "It could have reasonably concluded that, regardless of these suggestive circumstances at the hospital, the procedure did not contaminate the identification then or later." 110 Ariz. at 59, 514 P.2d at 1247.

 The factors to be considered in determining the admissibility of the pretrial and later in-court identifications are whether the witness had an opportunity to view both the criminal act and the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *State v. Williams,* 113 Ariz. 14, 545 P.2d 938 (1976); *State v. Milonich,* 111 Ariz. 442, 532 P.2d 504 (1975); *State v. Taylor,* 109 Ariz. 518, 514 P.2d 439 (1973). We are satisfied that the circumstances of the out-of-court identification procedure were not tainted and that the out-of-court and in-court identifications were reliable. The trial court was correct in denying appellant's motion to suppress the identification.

The judgment and sentence are affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.