NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

DELMO FIGORA TORREFRANCA, *Petitioner.*

No. 1 CA-CR 16-0435 PRPC
FILED 10-5-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 2000-002639
The Honorable Cynthia Bailey, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Delmo Figora Torrefranca, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

**C R U Z**, Judge:

¶1        Petitioner Delmo Figora Torrefranca petitions this Court for review from the dismissal of his petition for post-conviction relief ("PCR"). We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        A jury convicted Torrefranca of one count of sexual conduct with a minor and two counts of sexual abuse.  For sexual conduct with a minor, a Class 2 felony and dangerous crime against children in the first degree, Torrefranca was sentenced to a prison term of twenty years presumptive, non-dangerous, and non-repetitive.  For the two sexual abuse counts, both Class 3 felonies and dangerous crimes against children in the second degree, he was placed on lifetime probation.  His convictions and sentences were affirmed by this court in *State v. Torrefranca*, 1 CA-CR 01-0537 (Ariz. App. Oct. 1, 2002) (mem. decision).

¶3        This Court denied review in two previous PCRs, including in *State v. Torrefranca*, 1 CA-CR 04-0833 PRPC (Ariz. App. Aug. 11, 2005) (decision order) and in *State v. Torrefranca*, 2 CA-CR 2015-0449-PR, 2016 WL 314299 (Ariz. App. Jan. 26, 2016) (mem. decision).  In this, his fourth untimely and successive PCR,[1] he claimed newly discovered material facts under Arizona Rule of Criminal Procedure ("Rule") 32.1(e) relating to records he claims he discovered in 2015, asserting his indictment was void as a result, his conviction was precluded by double jeopardy (successive or simultaneous prosecutions), and his sentence is illegal under Arizona Revised Statutes ("A.R.S.") section 13-604.01 and other constitutional provisions.  The superior court summarily dismissed his petition.

¶4        Torrefranca reiterated his claims in his petition for review.[2] We review for an abuse of discretion.  *State v. Decenzo*, 199 Ariz. 355, 356, ¶ 2 (App. 2001).  Torrefranca renews his claim of an illegal sentence, which

---

[1]        Torrefranca apparently did not seek review of one of the three preceding PCRs.  *See Torrefranca*, 2 CA-CR 2015-0449-PR, 2016 WL 314299 at *1, ¶ 2.

[2]        He also asserts he is automatically entitled to relief based upon the failure of the State to respond.  This Court has already denied that motion.

falls under Rule 32.1(c) and is precluded.[3] Rule 32.2(a). Torrefranca had the chance to raise this issue on appeal and in previous PCRs, and this Court has rejected it on appellate review at least once. Furthermore, in a previous PCR, Torrefranca conceded that his twenty-year sentence was legal. Torrefranca also claims he is entitled to review under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), but these assertions are without merit. First, Torrefranca did not raise this in previous proceedings, therefore the claims are untimely. Rule 32.2(a). Second, neither *Blakely* nor *Apprendi* is at issue because Torrefranca was sentenced to the presumptive prison term of twenty years for sexual conduct for a minor. *See State v. Miranda-Cabrera*, 209 Ariz. 220, 227, ¶ 32 (App. 2004) (holding sentence did not violate the Sixth Amendment "[b]ecause the court's consideration of the sentencing factors did not result in the imposition of a sentence above that which the judge was entitled to impose based on 'the facts reflected in the jury verdict or admitted by the defendant'") (quoting *Blakely*, 542 U.S. at 303). His claim of an illegal sentence is accordingly neither timely nor supported by law.

**¶5** Torrefranca's claim that he is entitled to relief because A.R.S. § 13-604.01 was repealed in 2009 fails for several reasons. First, persons convicted of crimes generally do not benefit from subsequent changes of statutory sentencing provisions. *State v. Stine*, 184 Ariz. 1, 3 (App. 1995); A.R.S. § 1-246 ("When the penalty for an offense is prescribed by one law and altered by a subsequent law, . . . the offender shall be punished under the law in force when the offense was committed."). Second, his case was final long before 2009, and the provisions of the statute were not repealed as he claims but rather moved and renumbered to A.R.S. § 13-705 effective January 1, 2009. 2008 Ariz. Sess. Laws, ch. 301, §§ 17, 29 (2nd Reg. Sess.). Even after this move, the statute provided for a twenty-year presumptive prison sentence, which is still in effect. *See* A.R.S. § 13-705(C) (2009). Finally, his citation to *State v. Davis*, 206 Ariz. 377 (2003), claiming the statute was found unconstitutional, is inapposite because *Davis* was a proportionality review on appeal. *Id.* at 380, ¶ 11. Torrefranca failed to

---

[3] Torrefranca's claims regarding double jeopardy due to "double-counting" and his sentence violating the Eighth Amendment fall within his claim of an "illegal sentence" and are accordingly precluded. Rule 32.2(a). His claim regarding "double counting" or "quintuple counting" has no merit. *State v. Munninger*, 209 Ariz. 473 (App. 2005), cited by Torrefranca, was abrogated by *State v. Martinez*, 210 Ariz. 578, 585-86, ¶ 27 (2005) (holding court can rely on aggravating factors implicitly found by jury in sentencing).

timely raise this argument before this point and is therefore precluded as untimely.

¶6 Torrefranca next claims the court lacked jurisdiction because of successive complaints and prosecutions, but this argument also falls under Rule 32.1(a) and is precluded. Rule 32.2(a)(2)-(3). To the extent Torrefranca is attempting to circumvent the Rule by claiming newly discovered material facts, he is unsuccessful. His reference to a previous "case" is factually incorrect; he refers to arrest records and a search warrant, not attached to any documents, that were known to the parties long ago.

¶7 Torrefranca also argues the increase of classification of sexual conduct against a minor from a Class 6 to Class 2 felony violates double jeopardy because it increases the punishment for the same offense. However, Torrefranca's arrest does not implicate double jeopardy; jeopardy never attached and Torrefranca shows no evidence of a criminal complaint having been filed before this case. *See State v. Stout*, 5 Ariz. App. 271, 275 (1967) (stating jeopardy does not attach until a jury is empaneled and sworn and proceedings commence). Certainly, he shows no evidence of his crimes having been adjudicated more than once. Torrefranca also attempts to again raise the issue of the legality of his statements to the police, but this issue was decided long ago on appeal, and he shows no new information to support his claim that his statements were not admissible.

¶8 Finally, Torrefranca's claims relating to Child Protective Service ("CPS") records are not newly discovered and not helpful to Torrefranca. His attorney sought and received CPS documentation, and Torrefranca's vague claims of having come into possession of these documents in 2015 are not enough to explain why he raised these issues in such an untimely manner. In any event, Torrefranca's own exhibit shows the victim complained of his crimes, and the report itself states the complaints of the victim relating to sexual abuse are "SUBSTANTIATED." The facts were available at the time of trial, Torrefranca was not diligent in bringing them to the court's attention, and these documents would not "likely have altered the verdict, finding, or sentence if known at the time of trial." *State v. Bilke*, 162 Ariz. 52, 52-53 (1989) (stating the requirements for a colorable claim of newly discovered evidence).

¶9        For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA